### STATE v. HARMON

#### (121 S. E., 257)

Homicide—Whether Homicide Was Accidental or Excusable Held for Jury.—Where the defendant shot decedent twice, and set up the defense of accident or self-defense, *held,* that the question whether the homicide was accidental or excusable was for the jury.

Before DeVore, J., Lexington, May, 1923. Affirmed.

Rice B. Harmon was indicted for murder, convicted of manslaughter, and he appeals.

*Messrs. Timmerman & Graham, Efird & Carroll* and *C. L. Shealey,* for appellant, cite*: Malice cannot be presumed from the killing if evidence did not warrant conclusion:* 6 S. C., 185; 15 S. C., 153; 29 S. C., 235; 38 S. C., 221; 71 S. C., 200. *Where evidence is uncontradicted verdict should be directed:* 112 S. E., 823; 117 S. C., 473; 116 S. C., 211; 156 U. S., 432; 174 U. S., 55. *Witnesses are presumed to tell the truth:* 113 S. C., 157; 3 Enc. Evid., 755; 10 R. C. L., 883; 1 Jones, Evid., Secs. 12, 13.

*Mr. J. Monroe Spears, Solicitor,* and *E. L. Asbill,* for the State, cite: *Proof of homicide with deadly weapon raises presumption that murder has been committed:* 1 Hill L., 237; 30 C. J., 146; 77 S. C., 391; 114 S. C., 280.

*Where uncontradicted testimony is susceptible of an infer-ence of guilt as well as of innocence, the case should go to the jury:* 108 S. C., 442; 115 S. E., 200; 115 S. C., 238; 117 S. E., 70; 115 S. E., 750; 140 U. S., 417; 28 R. C. L., 661. *Self-defense must be affirmatively shown:* 77 S. C., 391; 66 S. C., 449; 108 S. C., 442; 106 S. C., 272; 113 S. E., 491; 30 C. J., 308; 93 A. S. R., 582. *Violation of Criminal Code 1922, Sec. 17, in the case of an unintentional killing is manslaughter:* 101 S. C., 111; 77 S. E., 884; 66 S. E., 251.

January 5, 1924.

Petition for rehearing dismissed February 14, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

The "Case" contains this statement:

"The appellant herein was indicted at the May term of the Court of General Sessions, 1922, on a charge of murder, and was tried on said charge at the May term of the Court of General Sessions, 1923, before a jury. The appellant, upon his trial, was convicted of manslaughter, and was thereafter sentenced at said term of Court to imprisonment at hard labor for a term of six years.

"At the close of the State's case, counsel for the appellant announced that they had no testimony to offer, and made a motion for a directed verdict upon the grounds set out in the record, which motion was overruled. After the rendition of the verdict of the jury, counsel for appellant made a motion for a new trial upon the same grounds as those announced in the motion for a directed verdict, and on the additional grounds which appear in the record. Within due time the appellant served notice of intention to appeal."

It would serve no useful purpose to quote the testimony in the case; we have carefully examined the same.

The defendant admitted the killing; his affidavit, when he applied for bail, shows that he relied upon it being an accident, and, if not an accident, self-defense.

Defendant shot the deceased twice, and the jury evidently did not understand how the gun was accidentally discharged twice. The jury must have thought that the affidavit of the defendant was so conflicting that they did not give full credence to it, so as to overcome the presumption of malice in an admitted homicide.

There was sufficient evidence in the case to carry it to the jury, of hatred, quarrels, and threats. There was plenty of evidence in the case whereby the jury could find the verdict it did, under proper instructions of the Court, and we find no error on the part of his Honor. It was for the jury's determination to find whether the homicide was accidental or excusable. Their verdict is sustained by the evidence in the case.

We see no merit in the exceptions; all exceptions are overruled, and judgment affirmed.